Filed 3/1/22  P. v. Hicks CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JESSE DANIEL HICKS,<br><br>    Defendant and Appellant. | A163283<br><br>(Sonoma County<br>Super. Ct. Nos. SCR-739439-1,<br>SCR-739595-1) |

After defendant Jesse Hicks entered pleas in two cases and was sentenced to nine years, four months in prison, he appealed without seeking a certificate of probable cause.  Hicks's appellate counsel asked the court for an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  After independently reviewing the record and considering a supplemental brief submitted by Hicks, we find no arguable issues and affirm.

I.

FACTUAL AND PROCEDURAL
BACKGROUND

On June 14, 2020, while a Sonoma County sheriff's deputy was chasing a stolen vehicle in which Hicks was a passenger, Hicks threw two metal car

1

jacks into the deputy's path.[1]  The deputy subsequently ended the pursuit.  Later the same day, a Santa Rosa police officer initiated a traffic stop of a vehicle driven by Hicks.  Hicks drove away at high speed, and the ensuing chase also ended before he could be caught.

The following month, Hicks was located and arrested.  For his actions as a passenger in the first vehicle, he was charged in case no. SCR-739439-1 with felony counts of assault with a deadly weapon on a peace officer, throwing an object at a vehicle with intent to do great bodily injury, and accessory after the fact to evading a peace officer.[2]  For his actions as the driver of the second vehicle, he was charged in case no. SCR-739595-1 with a felony count of evading a peace officer.[3]  In both cases, a prior strike was alleged based on a 2012 robbery.[4]

Under a plea agreement, Hicks pled no contest to the assault count in case no. SCR-739439-1 and the evading count in case no. SCR-739595-1 and admitted the prior strike in both cases.  In exchange, his potential total sentence was capped at nine years, four months, and the remaining counts were dismissed.

---

[1] The underlying facts are drawn from the probation report.

[2] The charges were brought under Penal Code sections 32 (accessory after the fact) and 245, subdivision (c) (assault with deadly weapon on peace officer), and Vehicle Code section 23110, subdivision (b) (throwing object at vehicle).  All further statutory references are to the Penal Code unless otherwise noted.

[3] The evasion charge was brought under Vehicle Code section 2800.2, subdivision (a).

[4] The strike allegation was made under sections 667, subdivisions (d) and (e), and 1170.12, subdivisions (b) and (c).  Hicks was still on parole for the robbery at the time of the instant offenses, and based on them his parole was revoked and he was ordered to serve a concurrent term of 180 days in jail.

In August 2021, the trial court denied Hicks's motion under section 1385 to strike the prior conviction, in part because Hicks had recently reoffended by attempting to steal a catalytic converter. The court then imposed the maximum allowable sentence under the plea agreement, composed of a term of four years, doubled, for the assault, and a consecutive term of eight months, doubled, for the evading.

## II.
### DISCUSSION

After Hicks's appellate counsel filed the *Wende* brief, we gave Hicks the opportunity to file a supplemental brief identifying any issues he wished us to consider. Hicks submitted a two-page handwritten letter brief in which he seeks relief based on Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill No. 81).[5]

Before Senate Bill No. 81 was enacted, section 1385 provided that a trial court may dismiss sentencing enhancements in the interest of justice. The bill amended section 1385 by adding new subdivision (c), which provides in part: "(1) Notwithstanding any other law, the court *shall* dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (Italics added.) One such

---

[5] Hicks also states that he is eligible for early release and "should be getting 1/3 time" because he is "non-violent," but he fails to develop these claims.

circumstance is that "[t]he enhancement is based on a prior conviction that is over five years old." (§ 1385, subd. (c)(3)(H).)

Although the age of Hicks's prior conviction might entitle him to more favorable consideration under section 1385 were he sentenced today, Senate Bill No. 81 is not retroactive. New section 1385, subdivision (c)(7), provides, "This subdivision shall apply to sentencings occurring after the effective date of the act that added this subdivision." Because Hicks's sentencing hearing occurred before Senate Bill No. 81's effective date of January 1, 2022, he is not entitled to a remand for reconsideration under the new law.

Separately, after our independent review of the record, no error appears in the entry of the plea or the sentencing proceedings in either case. Hicks was advised of his constitutional rights and the consequences of his plea before he entered it, and he received the maximum sentence permitted under the plea agreement. The trial court found that his waiver of rights was knowing and intelligent, that the plea was free and voluntary, and that there was a factual basis for the plea. He was represented by counsel throughout the proceedings. There are no meritorious issues to be argued on appeal.

## III.
### DISPOSITION

The judgment in both cases is affirmed.

_____

Humes, P.J.

WE CONCUR:

_____

Margulies, J.

_____

Banke, J.

*People v. Hicks* A163283